Thomas L. CHEATHAM, Plaintiff-Appellant,

v.

Martin P. WALSH, Jr., et al., Defendant-Respondent.

No. 47790.

Missouri Court of Appeals, Eastern District, Division Five.

April 3, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 2, 1984.

Anthony J. Sestric, St. Louis, for plaintiff-appellant.

James J. Wilson, City Counselor by Kathleen A. Gormley, Asst. City Counselor, St. Louis, for defendant-respondent.

THOMAS F. McGUIRE, Special Judge.

This is an appeal from a decision of the trial court ruling against the appellant for a declaratory judgment and injunction arising out of the revocation by the respondent Board of Public Service on September 18th, 1979, of a Certificate of Occupancy and Occupancy Permit issued to one Mrs. Thomas L. Cheatham (Agnes A. Cheatham) to operate a billiard or pool hall at 5105 Hampton Avenue in St. Louis, Missouri. We affirm.

On April 12th, 1968 the City of St. Louis enacted Ordinance No. 55051 to regulate the operation of billiard and pool hall premises. Thereafter on December 30th, 1971, a Certificate of Occupancy and Occupancy Permit were issued to Mrs. Thomas L. Cheatham (Agnes A. Cheatham) to operate a billiard or pool hall at 5105 Hampton Avenue premises being Permit Number 79351.

On September 18th, 1979, respondent Board of Public Service voted to revoke Permit Number 79351 for the operation of a pool hall at 5105 Hampton Avenue on the ground that a neighborhood petition signed by property owners consisting of a majority of property owners and residents within three hundred feet of the subject premises requested that the permit issued to Mrs. Cheatham be revoked pursuant to Section 9 of Ordinance 55051. Thereafter on September 25th, 1979, Mrs. Cheatham was informed by letter from the respondent Building Commissioner the Certificate of Occupancy and Occupancy Permit were revoked.

Neither the permit holder, Mrs. Cheatham, nor the appellant pursued the administrative remedy available to them.

On October 12th, 1979, the appellant filed a petition for a declaratory judgment

and injunction in the St. Louis Circuit Court. In one of the allegations of the petition the appellant alleged that he was the holder of the respondent Board's Permit 79351 for the operation of a pool hall. The record does not substantiate this allegation. The cause was submitted by the parties to the trial court on the pleadings, verified pleadings and affidavits filed by the parties as contained in the legal file now before this Court.

The appellant alleges, in its appellate brief, contrary to the trial court's ruling, that he has an interest or standing to challenge the validity of Ordinance 55051 of the City of St. Louis; and secondly, that the ordinance has been previously declared unconstitutional.

Addressing the appellant's first point of "interest or standing" sufficient to challenge the validity of the questioned ordinance, the record is devoid of any facts that the appellant has ever applied for, received or possessed a Certificate of Occupancy or Occupancy Permit to utilize the 5105 Hampton Avenue premises for a billiard or pool hall. The record indicates that the Occupancy Permit, Certificate of Occupancy and license for the premises were issued to a third party, one, Mrs. Thomas L. Cheatham (Agnes A. Cheatham).

 The standard to be applied in determining whether a party has standing to bring a suit for declaratory and injunctive relief is whether the plaintiff has a legally protectible interest at stake. *Schweig v. City of St. Louis* 569 S.W.2d 215 (Mo.App. 1978). Although the appellant alleged in his petition for declaratory judgment and injunctive relief that he was the holder of the permit, certificate and license for the operation of the billiard or pool hall, the record unequivocally indicates that appellant never possessed such a permit, certificate or license. The appellant on this record has no standing nor did he ever have any standing to initiate or maintain this suit.

The thrust of the appellant's complaint is to protect a third party's interest (a stranger to this proceeding) in the questioned permit, certificate and license and not to enforce or protect any interest of appellant in the questioned permit and certificate. Only the holder or possessor in whose name the permit or certificate appears would have sufficient standing. As the appellant was not the named holder of the questioned permit and certificate, he has no standing to contest the revocation of the permit. The trial court did not err in dismissing the petition below.

In his second point, the appellant alleges that Ordinance No. 55051 was declared unconstitutional by Judge James F. Nangle in 1969 in Cause No. 3932F, and that the ordinance is a nullity and of no force and effect. That decision was appealed to this Court in *State ex rel. Tolliver v. Board of Public Service*, 453 S.W.2d 622 (Mo.App. 1970). The appellant contends that the trial court's judgment in that case estopped the respondents from the enforcement of the ordinance. This Court, in affirming the lower court's ruling, found that the Neighborhood Revocation Petition failed to meet and satisfy the petition qualifications imposed by Ordinance No. 55051 and that the respondent Board lacked the jurisdiction to enter its revocation order in that case. This Court did not rule on the constitutionality of the questioned ordinance but ruled only on the sufficiency of the Neighborhood Revocation Petition in affirming the lower court's judgment.

 It is well settled that constitutional issues should only be decided when necessary to the disposition of the case prosecuted. *State ex rel. Williams v. Marsh*, 626 S.W.2d 223 (Mo banc 1982).

 When an appellate Court affirms a judgment of a trial court on grounds different from those of the trial court, the trial court's decree and judgment is in effect modified and the judgment is res judicata only as to those matters included within the judgment as modified, *In re: Delany Estate*, 258 S.W.2d 613, 616 (Mo.1953). The trial court's decision is not res judicata as to the grounds not relied on by the appellate court. *State v. Missouri Public*

*Service Corp.*, 351 Mo. 961, 174 S.W.2d 871, 877 (Mo. banc 1943).

The appellant's contention that the lower court ruling on the unconstitutionality of the questioned ordinance is still in full force and effect, and is binding on respondents, is in error. The record reflects that the ordinance has been in effect since April 12th, 1968 and still is in effect. The ordinance has never been declared unconstitutional by a final judgment and decree by the courts of this State.

Trial court did not error in dismissing petition below. Judgment affirmed.

DOWD, P.J., concurs.

SATZ, J., concurs in result.