Robert L. NICOLAI,
Plaintiff–Appellant,

v.

CITY OF ST. LOUIS,
Defendant–Respondent.

No. 70355.

Supreme Court of Missouri,
En Banc.

Dec. 13, 1988.

Rehearing or Modification Denied
Jan. 17, 1989.

Robert L. Nicolai, St. Louis, pro se.

David R. Bohm, Asst. City Counselor, James J. Wilson, City Counselor, St. Louis, for defendant-respondent.

HIGGINS, Judge.

"No matter how much cats fight, there always seem to be plenty of kittens." Abraham Lincoln.

By declaratory judgment action, Robert L. Nicolai disputes the authority of the City of St. Louis to tax his premises as a cat kennel. Section 71.610, RSMo 1986, specifically prohibits a city from taxing businesses, avocations, callings or occupations not listed for that purpose in the city charter. The circuit court dismissed Nicolai's action for failure to state a claim upon which relief could be granted and for failure to exhaust administrative remedies available to him. The court held, therefore, that a declaratory judgment was not proper. Reversed and remanded.

On June 23, 1987, the city health inspector observed approximately 19 cats at Nicolai's home and issued a citation for a number of health code violations, including operating a kennel without a license. A kennel is defined by section 8.06.334, Revised Code—City of St. Louis (1980), as a place where more than four dogs or cats are kept. Operating a kennel without a license is a misdemeanor. § 8.06.160, Revised Code—City of St. Louis. Nicolai's suit requests a declaration that St. Louis' license fee on cat kennels violates section 71.610, RSMo 1986, and is therefore illegal and void. The City initiated criminal proceedings against Nicolai pursuant to section 8.06.160, and he was convicted in the municipal court. Trial *de novo* on the misdemeanor charge has been postponed pending the outcome of this suit. The circuit court denied relief in the declaratory judgment action. Nicolai's appeal calls upon the Court to interpret section 71.610 and section 92.045, RSMo 1986.

The first ground for dismissal in the circuit court was failure to exhaust administrative remedies. Nicolai contends first that the remedies cited are not available to him since he is neither a holder of, nor an applicant for a kennel license, and he is not aggrieved by a decision of the license collector. *See,* Ordinance 52030, §§ 22–28. Second, he contends that even if the administrative review procedure is available to him, an administrative agency has no power to grant him the relief he seeks. *City of Joplin v. Industrial Comm'n.,* 329 S.W.2d 687 (Mo. banc 1959) (an administrative agency has no power to declare a city ordinance void). The City contends that Nicolai is an aggrieved party within the meaning of Ordinance 52030, and that he could prevail in a hearing before the Board of Tax Appeals on the theory that he is exempt from tax because he keeps cats for pleasure rather than for profit. In the alternative, the City contends that Nicolai could have raised his challenge to the statute as a defense in a criminal prosecution.

Ordinance 52030, § 22–28, describes the procedure for review by the Board of Tax Appeals:

> [I]n any case where a licensee or applicant for a license deems the application or interpretation of this ordinance in a particular case places an undue burden upon interstate commerce or where a licensee or applicant for a license has been aggrieved, by any requirement, decision, order or determination by the license collector or any other Tax Official of the City of St. Louis ... such licensee or applicant may file a petition in writing for review to the Board of Tax Appeals....

Ordinance 52030, § 22.

Assuming *arguendo*, that a party who does not want a license has standing to appeal to the Board, on the facts submitted in this case, there is simply no requirement, decision, order or determination by the license collector to be appealed. The City argues, however, that the health inspector, acting as an agent of the license collector, "decided" that Nicolai owed a license tax. The record is to the contrary. The health inspector made a notation on a form that indicated he had observed 19 cats at Nicolai's residence and that, therefore, Nicolai was in violation of section 8.06.160. Nicolai does not dispute the cat-count, and he has made no assertion that he has a license. If, in fact, the health inspector made a decision, it was purely ministerial, and review before the Board of Tax Appeals would be meaningless.

In the alternative, the City argues that Nicolai could take his case before the Board on the theory that the tax should not apply to him because he keeps cats for pleasure rather than for profit. This Court does not understand Mr. Nicolai to challenge the authority of the city to tax "avocations." In any case, such a theory challenges the license tax on its face to the same extent as the argument presented in this Court. The ordinance does not admit of an interpretation that would exempt Nicolai from the tax because he does not derive a profit from keeping cats. A license is required upon a showing that a person keeps five or more dogs or cats at one place within the city. Nicolai properly sought judicial determination of his claim, and cannot be faulted for failing to follow through with the hollow formality of filing a petition with the Board of Tax Appeals. The circuit court erred in dismissing for failure to exhaust administrative remedies.

The City also argues that Nicolai could have raised his claim as a defense in a criminal prosecution. The proper purpose of a declaratory judgment, however, is to establish the rights and duties of the parties so as to avoid loss and encourage settlement of disputes prior to litigation. *King Louie Bowling Corp. of Missouri v. Missouri Guarantee Insurance Association*, 735 S.W.2d 35 (Mo.App.1987). Mr. Nicolai did not receive notice to appear in the municipal court until after he had filed this suit. He presented a dispute, ripe for judicial resolution, and there was no need for him to await criminal prosecution before seeking a determination of his rights. *See e.g. Zemel v. Rusk*, 381 U.S. 1, 85 S.Ct. 1271, 14 L.Ed.2d 179 (1965).

The second ground for dismissal in the trial court was failure to state a claim upon which relief could be granted. The parties now agree that this was error. "[I]f a construction of the statutes is necessary to refute the claim of right of the plaintiff, the petition may not be dismissed." *Crain v. Missouri State Employees' Retirement System*, 613 S.W.2d 912, 915 (Mo.App.1981). The trial court's Memorandum and Order construes not only the Missouri statutes at issue, but also a provision of the Missouri Constitution. Dismissal for failure to state a claim upon which relief could be granted was therefore improper. Nicolai's pleadings entitle him to a declaration of rights.

The City, admitting the error, contends that it was entitled to summary judgment at the time it filed its motion to dismiss. Any error, it argues, is harmless. Nicolai contends he is entitled to a determination on the merits. Once it is determined that the pleadings are sufficient, a declaratory judgment plaintiff is "entitled to win or lose after a submission of the issue on the

merits." *City of Hannibal v. Marion County*, 745 S.W.2d 842, 846 (Mo.App. 1988). Nicolai does not contend that he has been denied the opportunity to argue his position on the merits. The parties join in asking this Court to render a final determination on the issues presented in the pleadings.

When the trial court fails to make a declaration settling rights, as when it dismisses petition without a declaration, a reviewing court may make the declaration. *Magenheim v. Board of Educ.*, 347 S.W.2d 409 (Mo.App.1961). Because there are no disputed facts, and the issue is a purely legal one, this Court will undertake to declare the rights and duties of the parties.

Section 71.610, RSMo 1986, provides:

No municipal corporation in this state shall have the power to impose a license tax on any business, avocation, pursuit or calling, unless such business, avocation, pursuit or calling is specifically named as taxable in the charter of such municipal corporation, or unless such power be conferred by statute.

Cat kennels are not listed in the city charter among those businesses the city is authorized to tax. Absent a statutory provision to the contrary, it would clearly be beyond the city's power to require Mr. Nicolai to pay a license tax. In 1967, however, the legislature enacted section 92.045, RSMo:

Any constitutional charter city in this state which now has or may hereafter acquire a population in excess of six hundred fifty thousand inhabitants ... is hereby authorized, for city and local purposes, to license, tax, and regulate the occupation of merchants, manufacturers, and all businesses, avocations, pursuits, and callings that are not exempt from the payment of licenses by law....

St. Louis is a constitutional charter city and had a population in excess of 650,000 in 1967. The city's subsequent loss of population does not affect the applicability of section 92.045. § 1.100, RSMo 1986.

In construing a statute, the Court must presume the legislature was aware of the state of the law at the time of its enactment. *State v. Rumble* 680 S.W.2d 939 (Mo. banc 1984). Unless two statutes are irreconcilably inconsistent, both must stand. *Poling v. Moitra*, 717 S.W.2d 520 (Mo. banc 1986). Prior to the enactment of section 92.045, this Court construed section 71.610 to apply to all cities in the state of Missouri. *Moots v. City of Trenton*, 358 Mo. 273, 214 S.W.2d 31 (1948). Applying the presumption that the legislature knew of this interpretation, section 92.045 must be presumed to be an exception to the general rule. The legislature granted, by section 92.045, taxing and licensing power to cities with a population in excess of 650,000 by statute, exactly as contemplated by the last sentence of section 71.610, *supra*. The City of St. Louis, therefore, is empowered to license and tax "all businesses, avocations, pursuits and callings that are not exempt from the payment of licenses by law." Mr. Nicolai has cited no law specifically exempting cat kennels from licensure requirements, and this Court can find none. His claim, therefore, must fail. Having determined that the statute grants St. Louis authority to tax Mr. Nicolai, an examination of the taxing power under the Home Rule Amendment (Mo. Const. art. VI, § 19(a)), as undertaken by the trial court, is unnecessary.

The judgment of the trial court dismissing Mr. Nicolai's petition is reversed. This Court finds, however, that pursuant to section 92.045, the City of St. Louis has the authority to require Mr. Nicolai to license his premises as a kennel, and to pay the annual fee for that license prescribed by section 8.06.334, Revised Code—City of St. Louis. The cause is remanded for entry of judgment accordingly.

BILLINGS, C.J., BLACKMAR, WELLIVER, ROBERTSON and RENDLEN, JJ., and REINHARD, Special Judge, concur.

DONNELLY, J., not sitting.