GROUP HEALTH PLAN, INC., Margarethe Hagemann, M.D., Melvin Burton, M.D., John Williams, M.D., Paul Steinbicker, M.D., Joseph Seria, M.D., Timothy J. Murphy, R.PH., Mary Beckemeier, R.N., and Roger Young, R.N.,

and,

Catherine Weibel, M.D., Joseph Hazan, M.D., Alvora Mora, M.D., Plaintiffs–Appellants,

v.

STATE BOARD OF REGISTRATION FOR THE HEALING ARTS, Frank I. Clark, M.D., C.C. Reynolds, M.D., Mary K. Bruns, D.O., Mike Conoyer, M.D., Clem E. Haggerty, M.D., Darrel Domann, M.D., David L. Wilkinson, M.D., and Patricia B. Kemp, personally and individually, and officially as the membership of State Board of Registration for the Healing Arts,

and,

Board of Pharmacy, Donald Brown, James A. Cordes, Janet L. Crawford, James F. Dille, George L. Oesteich, Sheila L. Schmidt, and Jean Stanford, personally and individually, and officially as the membership of the Board of Pharmacy,

and,

Missouri Department of Health–Bureau of Narcotics and Dangerous Drugs and Robert G. Harmon, Defendants–Respondents.

No. 56642.

Missouri Court of Appeals, Eastern District, Division Two.

Jan. 2, 1990.

Richard Donald Watters, Valerie Goodwin Lloyd, Lashly, Baer & Hamel, St. Louis, for plaintiffs-appellants.

Curtis Frank Thompson, Government Counsel, Asst. Atty. Gen., Jefferson City, for defendants-respondents.

CRANDALL, Judge.

Plaintiffs, Group Health Plan, Inc. et al., appeal from the trial court's order dismissing their two-count petition for declaratory judgment, injunction and damages. We affirm in part and reverse and remand in part.

Initially we note the multiple parties as described in plaintiffs' petition. The named plaintiffs are Group Health Plan, Inc. (G.H. P.), a corporation and a federally qualified health maintenance organization, with its principal offices in St. Louis County, Missouri; Margarethe Hagemann, M.D., et al., duly licensed physicians employed by and on the staff of G.H.P. (G.H.P. physicians); Mary Beckemeier, R.N., et al., duly licensed registered nurses employed by and on the staff of G.H.P. (G.H.P. nurses); and Timothy J. Murphy, R.Ph., a duly licensed pharmacist employed by and on the staff of G.H.P. (G.H.P. pharmacist).

The named defendants are the State Board of Registration for the Healing Arts (Board of Healing Arts), a Missouri agency, and its individual members; the Board of Pharmacy, a Missouri agency, and its individual members; and the Missouri Department of Health—Bureau of Narcotics and Dangerous Drugs (Bureau), a Missouri agency, and its director, Robert G. Harmon.

Our review of the trial court's dismissal requires an examination of the pleadings, allowing them their broadest intendment, treating all facts alleged as true, construing allegations as favorable to plaintiffs and determining whether the petition invokes principles of substantive law upon which relief can be granted. *Rosatone v. GTE Sprint Communications,* 761 S.W.2d 670, 671 (Mo.App.1988). The facts on appeal are gleaned from plaintiffs' petition.

G.H.P., its physicians and nurses have staff policies and operational procedures (hereinafter collectively referred to as "protocols"). Pursuant to the protocols, G.H.P. nurses are allowed to examine and assess certain G.H.P. members without the presence of a physician. G.H.P. physicians supply a G.H.P. nurse with pre-signed prescriptions for "routine medications" which she is allowed to fill out. G.H.P. physicians also consult with and authorize another G.H.P. nurse to provide prescriptions under the physician's name per his own name. A G.H.P. pharmacist then fills the prescription.

Board of Healing Arts threatened to bring actions, "civil and/or criminal and/or administrative," against each of the G.H.P. physicians, claiming the implementation of the protocols involved the unauthorized practice of medicine. Board of Pharmacy also threatened actions against G.H.P. pharmacist. Finally, Bureau and its director threatened to seek an investigative warrant to search G.H.P.'s premises and to bring actions against all the named plaintiffs.

Plaintiffs filed their two-count petition. Count I asked for a declaratory judgment that plaintiffs' actions, as described above, are consistent with Missouri and federal law and that the defendants' actions deprived plaintiffs of equal protection of the law as guaranteed by the Fourteenth Amendment to the United States Constitution; and (2) an injunction permanently re-

straining defendants from proceeding with complaints or charges against plaintiffs for violation of Chapters 195, 334, and 338, RSMo (1986).[1] Count II prayed for damages and attorneys' fees for violation of 42 U.S.C. Section 1983.

The trial court sustained defendants' motion to dismiss Count I of plaintiffs' petition on the following grounds:

(1) the court lacked jurisdiction under *State ex rel. Missouri State Board of Registration for the Healing Arts v. Hartenbach et al.,* 768 S.W.2d 657 (Mo. App.1989); *Schierding v. Missouri Dental Board,* 705 S.W.2d 484 (Mo.App. 1985); and *State ex rel. State Board of Registration for the Healing Arts v. Elliott,* 387 S.W.2d 489 (Mo.1965); (2) plaintiffs G.H.P., G.H.P. nurses, and G.H.P. pharmacist lack standing to request relief against the Board of Healing Arts; (3) plaintiffs G.H.P., G.H.P. physicians and G.H.P. nurses lack standing to request relief against the Board of Pharmacy; and (4) all plaintiffs lack standing to request relief against the Bureau and its director.

The trial court also sustained defendants' motion to dismiss Count II of plaintiffs' petition for failure to state a claim upon which relief could be granted.

■ We first consider the issue of jurisdiction as it relates to Count I. The issue, more precisely defined, is whether there was subject-matter jurisdiction. Subject-matter jurisdiction involves the nature of the cause of action or the relief sought and exists only when the tribunal has the right to proceed to determine the controversy at issue or grant the relief requested. *State Tax Commission v. Administrative Hearing Commission,* 641 S.W.2d 69, 72 (Mo. banc 1982); *In re Marriage of Neal,* 699 S.W.2d 92, 94 (Mo.App.1985).

In its order, the trial court cited *Hartenbach, Schierding* and *Elliott* as authority to dismiss for lack of jurisdiction. In each of those cases, contested administrative proceedings were commenced before suit, and the plaintiff was attempting to bring a separate court action to stop the adminis-

trative proceeding. Under those circumstances it is clear that the charges brought against a plaintiff should be resolved first in the administrative proceeding, and, until that resolution occurs, the circuit court generally lacks jurisdiction over the subject matter. *Hartenbach,* at 659. The reason for this rule is to prevent "premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review...." *Id.,* citing *Weinberger v. Salfi,* 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975).

Defendants concede that there were no administrative proceedings against plaintiffs pending at the time of the filing of plaintiffs' petition. Defendants argue, however, that because the filing of charges against some of the plaintiffs was imminent, the rationale of *Hartenbach et al.* is applicable and mandates dismissal of plaintiffs' petition. They argue that otherwise the issue of jurisdiction would be resolved by whether a plaintiff wins the race to the courthouse. We disagree.

■ Here, there were no administrative remedies to be exhausted by plaintiffs because no charges had been initiated. There simply was no decision by the administrative agency to be heard or appealed. *Nicolai v. City of St. Louis,* 762 S.W.2d 423, 425 (Mo. banc 1988). Further, there were no statutory or administrative provisions that would have allowed plaintiffs to initiate an action within the administrative agency. *See State Tax Commission,* at 76. A declaratory judgment action is an appropriate method of determining controversies concerning the construction of statutes and powers and duties of governmental agencies thereunder. *Id.,* at 75.

*Sermchief v. Gonzales,* 660 S.W.2d 683 (Mo. banc 1983) involved an appeal of an adjudication on the merits of a declaratory judgment action by nurses and physicians against Board of Healing Arts. In that

---

1. All statutory references are to RSMo (1986) unless otherwise indicated.

action, plaintiffs sought a declaration that the practices of the nurses were authorized under nursing law and did not constitute the unlawful practice of medicine.

In *Nicolai*, plaintiff brought a declaratory judgment action to determine whether the City of St. Louis had the authority to tax his premises as a kennel. The trial court dismissed his action, *inter alia*, for failure to exhaust his administrative remedies. On appeal, the Supreme Court reversed and remanded holding that plaintiff properly sought judicial determination of his claim. *Nicolai*, at 425.

■ Both *Sermchief* and *Nicolai* involved declaratory judgment actions where the action by the administrative agency was threatened but not yet initiated. In the present case, action by the administrative agency has been threatened but not initiated. The courts have jurisdiction to render declaratory judgments questioning the validity of a rule or the threatened application thereof. *See* Section 536.050.1, RSMo (1986). Certainly, if jurisdiction lies to consider the threatened application of rules, it lies to consider the threatened application of statutes. In the absence of a pending administrative action, the trial court has subject-matter jurisdiction to adjudicate plaintiffs' action. Plaintiffs' point is granted.

Plaintiffs also claim the trial court erred in dismissing Count I of plaintiffs' action for lack of standing of (1) G.H.P., G.H.P. nurses, and G.H.P. pharmacist to request relief from Board of Healing Arts; (2) G.H.P., G.H.P. physicians and G.H.P. nurses to request relief from Board of Pharmacy; and (3) all plaintiffs to request relief from Bureau.[2]

■ In a declaratory judgment action, the standard to be applied in determining whether a party has standing to bring a suit is whether the plaintiff has a legally protectible interest at stake. *City of Hannibal v. Marion County*, 745 S.W.2d 842, 844 (Mo.App.1988). Standing does not re-

late to the legal capacity to sue, but to the interest of an adversary in the subject of the suit as an antecedent to the right to relief. *Id.*

■ Section 334.230.1 gives Board of Healing Arts the authority to seek an injunction against a person engaged in the unlawful practice of medicine. Section 334.155 reads in pertinent part: "This chapter does not apply ... to nurses licensed and *lawfully practicing* their profession within the provisions of chapter 335, RSMo; ... to pharmacists licensed and *lawfully practicing* their profession within the provisions of chapter 338, RSMo...." (emphasis added). The key phrase is "lawfully practicing." If G.H.P. nurses and pharmacist are engaged in the unlawful practice of medicine, they are not lawfully practicing their profession and, accordingly, are subject to an action by Board of Healing Arts. Board of Healing Arts has the statutory power to directly affect the limits of the professional duties of G.H.P. nurses and G.H.P. pharmacist, so these plaintiffs have an actual or justiciable interest susceptible of protection through a declaratory judgment action against Board of Healing Arts.

■ G.H.P., as a federally qualified health maintenance organization, is specifically exempted from the provisions of Chapter 334. *See* Section 354.505.3. Because G.H.P. is not subject to action by Board of Healing Arts, it has no interest protectible by a declaratory judgment action. G.H.P. is also not an association bringing an action in a representative capacity. The fact that an action against its employees might have an indirect effect on its business is not sufficient to confer standing. G.H.P. simply did not plead any facts giving rise to a legal theory which would give it the right to seek relief on behalf of its physicians, nurses and pharmacist. *See City of Hannibal*, at 845. The trial court did not err in dismissing

**2.** Lack of standing is not an issue in the action of G.H.P. physicians against their licensing board, Board of Healing Arts, and in the action of G.H.P. pharmacist against his licensing board, Board of Pharmacy. Those actions were dismissed based only upon the trial court's finding of lack of subject-matter jurisdiction.

G.H.P.'s claim against Board of Healing Arts for lack of standing.

■ Chapter 338 provides for the regulation of pharmacists by Board of Pharmacy. Under that Chapter, there is no provision allowing Board of Pharmacy to take any action against G.H.P., its physicians, or its nurses. As to all the plaintiffs other than G.H.P. pharmacist, the trial court's dismissal for lack of standing against Board of Pharmacy was not error.

■ Bureau has the power to enforce the provisions of Chapter 195 relating to drug regulations. Bureau threatened to file administrative and/or criminal complaints against all the plaintiffs for violating Section 195.060.1 and Section 195.070.1. Bureau also threatened G.H.P. with a search of its premises and, therefore, a direct interference with its business. It is not required that plaintiffs expose themselves to litigation and/or prosecution by Bureau before bringing a suit for declaratory judgment. *Nicolai*, at 425; *Missouri Department of Social Services v. Agi-Bloomfield*, 682 S.W.2d 166, 169–170 (Mo.App.1984).

■ Defendants argue that plaintiffs also lack standing to request relief from Bureau because plaintiffs failed to plead facts establishing that any plaintiff is subject to action threatened by Bureau. More specifically, they claim there is no showing that (1) any plaintiff is registered to prescribe or dispense controlled substances under Chapter 195; or (2) any plaintiffs have engaged or wish to engage in any conduct with respect to controlled substances. This argument goes to the lack of specificity in the petition. The alleged defects do not make the petition subject to a motion to dismiss. Rather, if a pleading lacks sufficient particularity, it may be subject to a motion for a more definite statement. *Terre Du Lac Ass'n v. Terre Du Lac, Inc.*, 737 S.W.2d 206, 211 (Mo.App.1987). The trial court erred in dismissing plaintiffs' action against Bureau for lack of standing.

■ In their final point, plaintiffs claim the trial court erred in dismissing Count II of their petition for failing to state a claim upon which relief could be granted. Regarding the individual members of a state agency, absolute immunity is accorded to government officials whose special functions require complete protection from suit, and this immunity defeats a suit at the outset. *Ray v. Pickett*, 734 F.2d 370 (8th Cir.1984). Agency officials responsible for deciding whether to initiate proceedings are absolutely immune from a suit for damages for their parts in that decision. *Butz v. Economou*, 438 U.S. 478, 515–16, 98 S.Ct. 2894, 2915, 57 L.Ed.2d 895 (1978). Here, plaintiffs claim the individual members of the Board of Healing Arts improperly discriminated against them by their threats of filing administrative and/or criminal complaints. This conduct falls squarely within the contemplation of "quasi-judicial" acts afforded absolute immunity in *Butz*.

■ Regarding the agency defendants, it is well settled that neither states nor state agencies are "persons" under Section 1983. *Shaw v. City of St. Louis*, 664 S.W.2d 572, 576 (Mo.App.1983); *Harris v. Missouri Court of Appeals*, 787 F.2d 427, 429 (8th Cir.1986). Plaintiffs' final point is denied.

Accordingly, we affirm that portion of the trial court's order dismissing (1) G.H.P. for lack of standing to request relief against Board of Healing Arts and Board of Pharmacy; (2) G.H.P. physicians and G.H.P. nurses for lack of standing to request relief against Board of Pharmacy; and (3) Count II of plaintiffs' petition for damages under 42 U.S.C. Section 1983. We reverse and remand for a trial on the merits that portion of the trial court's order dismissing: (1) Count I for lack of subject matter jurisdiction; (2) G.H.P. nurses and G.H.P. pharmacist for lack of standing to request relief against Board of Healing Arts; and (3) all plaintiffs for lack of standing to request relief against Bureau.

PUDLOWSKI, P.J., and KAROHL, J., concur.