The Honorable Bill Kenney State Senator, District 8 State Capitol Building Jefferson City, Missouri 65101
Dear Senator Kenney:
This opinion is in response to your question asking:
 Do Supreme Court Rule 54.13 (a) and Section 506.145, RSMo, taken in conjunction permit a person over the age of 18 years to carry a concealed firearm?
Section 506.145, RSMo 1994, to which you refer in your question, provides:
 506.145. Process server authorized to carry concealed firearm. — Any person authorized to issue or serve process is authorized to carry a concealed firearm, the provisions of any other law to the contrary notwithstanding.
Missouri Supreme Court Rule 54.13 (a), to which you also refer in your question, provides:
RULE 54.13 PERSONAL SERVICE WITHIN THE STATE
 (a) By Whom Made. Service of process within the state, except as otherwise provided by law, shall be made by the sheriff or a person over the age of 18 years who is not a party to the action.
* * *
Section 506.145 provides that any person authorized to issue or serve process is authorized to carry a concealed firearm. Rule 54.13 (a) sets forth certain requirements for a person to be eligible to serve process, i.e., over the age of 18 years and not a party to the action. Just because a person meets the eligibility requirements of Rule 54.13 (a) does not mean the person is authorized to serve process.
Section 506.140, RSMo 1994, addresses who is authorized to serve process. Such section provides:
 506.140. Who shall serve process — fees paid to special process server may be taxed as costs in a claim. — 1. Service of process, except as otherwise provided, shall be made by a sheriff, or his deputy, or in case the sheriff in any cause is for any reason disqualified, then process may be issued to and served by the coroner of the county in which such process is to be served; or some person, other than a sheriff or coroner, may be specially appointed by the court or the circuit clerk following procedures established by local court rules for service of process in any cause, but such appointment shall be valid for service of the process only for which such person was specially appointed.
 2. A party may file an application to the court requesting that any fees paid to a special process server be taxed as costs in the action. The court may order a reasonable amount of such fees as costs.
Section 506.140 indicates that only the sheriff, his deputy, a specially appointed process server, or in some instances the county coroner, are authorized to serve process. See also Supreme Court Rule 54.01. The authorization to serve process is not so broad as to include all persons over the age of 18 years. Therefore, the authorization to carry a concealed firearm in Section 506.145 is not so broad as to include all persons over the age of 18 years.
Furthermore, Section 506.145 should be construed consistently with other statutes involving similar subject matter. "We are mindful that in construing a statute we may take into consideration statutes involving similar or related subject matter when such statutes shed light upon the meaning of the statute being construed. [Citation omitted]. This is so even though the statutes are found in different chapters and were enacted at different times." Weber v. Missouri State HighwayCommission, 639 S.W.2d 825, 829 (Mo. 1982); accord Angoff v. M M Management Corporation, 897 S.W.2d 649, 654 (Mo.App. 1995). "Statutes relating to the same subject are to be considered together and harmonized if possible so as to give meaning to all provisions of each." State ex rel. Lebeau v. Kelly, 697 S.W.2d 312,315 (Mo.App. 1985). "As a primary rule of construction, courts generally attempt to reconcile and harmonize statutes or rules that appear to be in conflict if it is reasonably possible to do so." Southwest Forest Industries, Inc. v. Loehr EmploymentService of Kansas City, Inc., 543 S.W.2d 322, 324 (Mo.App. 1976). "Unless two statutes are irreconcilably inconsistent, both must stand." Nicolai v. City of St. Louis, 762 S.W.2d 423, 426
(Mo. banc 1988).
Section 571.030, RSMo Supp. 1995, sets forth the crime of carrying a concealed firearm and enumerates those groups of persons to whom the criminal provisions are not applicable. The relevant provisions of such section are:
 571.030. Unlawful use of weapons — exceptions — penalties. — 1. A person commits the crime of unlawful use of weapons if he knowingly:
 (1) Carries concealed upon or about his person a knife, a firearm, a blackjack or any other weapon readily capable of lethal use; or
* * *
 2. Subdivisions (1), . . . of subsection 1 of this section shall not apply to or affect any of the following:
 (1) All state, county and municipal law enforcement officers possessing the duty and power of arrest for violation of the general criminal laws of the state or for violation of ordinances of counties or municipalities of the state, or any person summoned by such officers to assist in making arrests or preserving the peace while actually engaged in assisting such officer;
* * *
 (5) Any person whose bona fide duty is to execute process, civil or criminal;
* * *
Section 506.145 should be construed consistently with Section571.030.2 (5). To that end, we need to determine and reconcile the meanings of "[a]ny person authorized to issue or serve process" in Section 506.145 and "[a]ny person whose bona fideduty is to execute process" in Section 571.030.2 (5).
"[U]ndefined words are given their plain and ordinary meaning as found in the dictionary in order to ascertain the intent of lawmakers." Asbury v. Lombardi, 846 S.W.2d 196, 201 (Mo. banc 1993). The meaning to be given to specific words and phrases depends to some extent upon the context in which they are used.City of Willow Springs v. Missouri State Librarian, 596 S.W.2d 441,445 (Mo. banc 1980).
BLACK'S LAW DICTIONARY 177, 505 (6th ed. 1990), provides the following definitions:
 Bona fide. . . . Truly; actually; without simulation or pretense. . . . Real, actual, genuine, and not feigned.
* * *
 Duty. . . . Obligatory conduct or service. Mandatory obligation to perform. . . .
 Those obligations of performance, care, or observance which rest upon a person in an official or fiduciary capacity; . . . .
* * *
Section 571.030.2 (5) indicates that only those who have an actual obligation to serve process are within the group of persons to whom the crime of carrying a concealed firearm is not applicable. Interpreting Section 506.145 consistently with Section 571.030.2 (5) further supports our conclusion that the authorization to carry a concealed firearm in Section 506.145 is not so broad as to include all persons over the age of 18 years.
CONCLUSION
It is the opinion of this office that Section 506.145, RSMo 1994, does not permit all persons over the age of 18 years to carry a concealed firearm.
Very truly yours,
 JEREMIAH W. (JAY) NIXON Attorney General