The **PEOPLE** of the State of Missouri ex rel. Stephen B. **SMALL**, et al., Appellant,

v.

**HARRAH'S NORTH KANSAS CITY CORPORATION**, Missouri Gaming Commission d/b/a Argosy Riverside Casino, Kansas City Station Corporation, Flamingo Hilton Partnership, Jeremiah 'J' Nixon, Attorney General, Respondents.

No. WD 56917.

Missouri Court of Appeals, Western District.

April 4, 2000.

Motion for Rehearing and/or Transfer to Supreme Court May 30, 2000.

Application for Transfer Denied Aug. 29, 2000.

See also 208 F.3d 218.

Stephen B. Small, Kansas City, for appellant.

Thomas W. Rynard, Jefferson City, for respondent Harrah's.

Steven D. Wolcott, Liberty, for respondent Argosy.

Before: Chief Judge BRECKENRIDGE, Judge LOWENSTEIN and Judge ULRICH.

LOWENSTEIN, Judge.

The issue in this appeal is whether or not Appellant Stephen Small could, after filing suit in federal court, file for declaratory judgment in state court as to primarily the same issues. Small filed suit in the United States District Court for the Western District of Missouri, alleging various arguments relating to the validity of Respondents' various area gaming facilities and gaming licenses and seeking recovery of Small's gambling losses. After the federal court dismissed his claim, Appellant filed a petition for declaratory judgment in the Circuit Court of Cole County, making allegations substantially similar to those made in federal court. The trial court dismissed Small's petition with prejudice, and this appeal followed.

Small also filed one count in mandamus against the Missouri Attorney General to compel the state's chief law enforcement officer to institute a quo warranto action to remove the members of the Missouri Gaming Commission from office and to have Small appointed a special assistant attorney general to investigate criminal activities under Chapter 572. This point is deemed abandoned by failure to cover it in a point relied on. *Jones v. Eagan*, 715 S.W.2d 596 (Mo.App.1986).

## FACTS

The following is a chronology of events, deduced from the trial court's findings of facts and the record itself. For the benefit of the reader, and to avoid confusion due to the duplicity of actions in federal and state courts, the events are presented in timeline form. A more detailed description of key events follows this table.

| DATE | FEDERAL COURT | STATE COURT |
| --- | --- | --- |
| November 28, 1997 | Appellant filed suit in federal district court. | |

| Date | | |
| --- | --- | --- |
| June 22, August 21, and September 1, 1998 | The district court granted Respondents' motions to dismiss Appellant's complaint. | |
| September 16, 1998 | Appellant filed a motion to alter or amend and for relief from the district court's judgment. | |
| November 20, 1998 | | Appellant filed this suit in circuit court. |
| February 3, 1999 | The district court denied Appellant's motion to alter or amend and for relief from the judgment. | |
| February 8 and 9, 1999 | | The circuit court dismissed Appellant's petition with prejudice. |
| February 16, 1999 | Appellant filed a notice of appeal from the district court's judgment. | |
| February 19, 1999 | | Appellant filed a notice of appeal to this court. |

---

On November 28, 1997, Appellant Stephen B. Small filed suit (the "federal suit") on behalf of himself and "all others similarly situated" against Harrah's North Kansas City Corporation ("Harrah's"), Kansas City Station Corporation ("Station"), Flamingo Hilton Riverboat Casino ("Flamingo"), and the Missouri Gaming Corporation d/b/a Argosy Riverside Casino ("Argosy") (collectively the "Casinos"), in the U.S. District Court for the Western District of Missouri (the "federal district court"). In that action, Appellant alleged (1) Respondents' gaming licenses were invalid in that the Missouri Gaming Commission lacked constitutional authority to issue them because the facilities were not located exclusively on the Missouri River. Small requested the court to declare the gaming licenses invalid and the gaming operations illegal under §§ 572.030 and 572.070, RSMo.1994 [1]; (2) Respondents, by operating under invalid licenses pursuant to Chapter 572, RSMo., were in violation of the Racketeer Influenced Corrupt Organizations ("RICO") statute, 18 U.S.C. § 1961, et. seq. Appellant requested the court award him actual damages as measured by his gambling losses, which were over $95,000, as well as treble damages, attorney fees, and costs; (3) Appellant was entitled to recovery of his gambling losses under § 434.030, RSMo.

At various times between January and mid-August 1998, all four of the defendants in Small's federal suit moved to dismiss the complaint for failure to state a claim under the RICO statute. The federal district court granted the dismissal motions as to all four defendants in orders dated June 22, August 21, and September 1, 1998, holding that Small had failed to allege a violation of either § 572.020 or § 572.030. The court wrote:

Missouri law states that a "person commits the crime of gambling if he knowingly engages in gambling." Mo.Ann. Stat. § 572.020 (West 1995). The law additionally prohibits a person from knowingly advancing or profiting from

1. All further statutory references are to the Revised Statutes of Missouri, 1994, unless otherwise noted.

unlawful gambling. Mo.Ann.Stat. § 572.030 (West 1995). The term "gambling" does not include any licensed activity. Mo.Ann.Stat. § 572.010 (West 1995). Small admits that defendants' gambling casinos were licensed. Because "gambling" as defined and prohibited by the statute does not include a licensed activity, Small has failed to allege a violation of sections 572.020 and 572.030. Thus, Small has failed to allege a violation of Missouri statutes. The court dismissed Small's claim because it failed to allege a violation of Missouri statutes or federal law. Therefore, Small had not alleged a basis for a RICO violation. The court declined to exercise supplemental jurisdiction over the remaining state claims and dismissed those claims. On September 16, 1998, Small filed a motion to alter or amend the federal court's judgment and for relief from the judgment.

On November 3, 1998, the people of Missouri approved Constitutional Amendment Nine. Amendment Nine provides that gaming licenses issued to gaming facilities located in certain artificial spaces near the Mississippi and Missouri Rivers are deemed authorized by the general assembly, whether the gaming license was issued before or after the adoption of Amendment Nine.

On November 20, 1998, Small filed a petition for declaratory judgment under § 527.010, et. seq., RSMo 1994, and mandamus (the "state suit") in the Circuit Court of Cole County (the "state circuit court" or "the trial court").[2] In count one of the petition, Small alleged (1) The Gaming Commission lacked constitutional authority to grant Respondents' gaming licenses because the gambling facilities were not located exclusively on the Missouri River. Small requested a declaratory judgment stating that the licenses were invalid when issued; (2) The Respondents'

"unconstitutionally licensed" gaming operations constituted illegal gambling in violation of §§ 572.030 and 572.070. In count two of Small's state suit he requested the trial court issue a writ of mandamus compelling Missouri Attorney General Jay Nixon to investigate and prosecute the Respondents for illegal gambling. Count three asked the trial court to declare that Amendment Nine had prospective effect only, or alternatively, was invalid.

On February 3, 1999, the federal district court denied Small's motion to alter or amend the judgment and for relief from the judgment.

The trial court on February 8 and 9, 1998, dismissed with prejudice Small's petition. The court held declaratory judgment was inappropriate since Small had an adequate remedy in federal court, and Small's petition for mandamus failed to state a claim on which relief could be granted.

On February 16, 1999, Small filed a notice of appeal from the federal district court's judgment in the United States Court of Appeals for the Eighth Circuit.

On February 19, 1999, Small filed a notice of appeal from the state circuit court's judgment to this court. In this suit, Small asserts four points, the most significant being that the trial court erred in dismissing his petition for declaratory judgment because relief was not precluded by the availability of an alternative remedy in the federal court system.

## STANDARD OF REVIEW

 A trial court is afforded wide discretion in applying the Declaratory Judgment Act. *Raskas Foods v. Southwest Whey, Inc.*, 978 S.W.2d 46, 48 (Mo.App. 1998). "The trial court's exercise of discretion in applying the provisions of the Declaratory Judgment Act must be sound, based on good reason, and calculated to

**2.** Appellant filed his state court claim while his motion for relief from the federal district

court's judgment was still pending.

serve the purposes for which the legislation was enacted." *Preferred Physicians Mut. Management Group, Inc. v. Preferred Physicians Mut. Risk Retention Group,* 916 S.W.2d 821, 824–25 (Mo.App. 1995).

## ANALYSIS

### I.

■ Small's first point on appeal details the trial court's error in dismissing his petition for declaratory judgment. In his brief to this court, Small wrote:

The federal district court dismissed Small's federal RICO claim based upon a pure issue of Missouri state law that was the linchpin of his federal RICO action under 18 U.S.C.1961(1)(A), ruling that the "licensed activity" exceptions to criminal liability set forth in Chapter 572 excepted the Respondents from liability under Chapter 572 and thus under RICO. As a consequence, Small's federal RICO action was dismissed. Small has appealed this dismissal to the Eighth Circuit with the expectation that the appellate court will correct the district court's mistaken opinion of Missouri criminal law…This substantial uncertainty should be resolved through declaratory judgment in state court.

Small's state suit for declaratory judgment was brought for the purpose of declaring Missouri law, which would in turn bind the Eighth Circuit Court of Appeals in Small's appeal to that court regarding the dismissal of his RICO claim.

Under § 527.010 of the Declaratory Judgment Act, circuit courts have the "power to declare rights, status, and other legal relations whether or not further relief is or could be claimed." Trial courts are afforded broad discretion in applying the Act. *City of St. Louis v. Crowe,* 376 S.W.2d 185, 189.

■ The trial court's main rationale for dismissing Appellant's petition for declaratory judgment was that a request for declaratory relief is inappropriate where an adequate alternative remedy exists. In so holding, the court relied extensively upon *Preferred Physicians Mutual Management Group, Inc. v. Preferred Physicians Mutual Risk Retention Group,* 916 S.W.2d 821 (Mo.App.1995). In that case, appellant filed suit against respondent for breach of contract. Respondent, in its answer to the petition and as an affirmative defense, alleged that the contract was terminable at the will of either party because it was of indefinite duration. Additionally, respondent filed a counterclaim seeking a declaratory judgment that the contract was of indefinite duration and therefore terminable at the will of either party. The trial court granted respondent's request for a declaratory judgment. In reversing the trial court's decision, this court held, "[t]he Declaratory Judgment Act is not to be invoked where an adequate remedy already exists." *Id.* at 824. *See also, e.g., Nations v. Ramsey,* 387 S.W.2d 276, 279 (Mo.App.1965); *Glick v. Allstate Insurance Co.,* 435 S.W.2d 17, 21 (Mo.App.1968); *Harris v. State Bank & Trust Co. of Wellston,* 484 S.W.2d 177, 178–9 (Mo.1972); *Farmers Alliance Mutual Ins. Co. v. Reed,* 530 S.W.2d 470, 473 (Mo.App.1975); *Schierding v. Missouri Dental Board,* 705 S.W.2d 484, 487 (Mo.App.1985); *King Louie Bowling Corp. of Mo. v. Mo. Ins. Guar. Ass'n,* 735 S.W.2d 35, 38 (Mo.App. 1987); *Cronin v. State Farm Fire & Casualty Co.,* 958 S.W.2d 583, 587 (Mo.App. 1997). In *Preferred Physicians,* respondent had available to him an adequate alternative remedy in the form of his affirmative defense raised in the pending lawsuit. Additionally, the court noted that in situations where the alternative remedy is a *pending* suit, as opposed to a more uncertain remedy, there is even greater justification to apply the rule against allowing actions for declaratory judgment. *Preferred Physicians,* 916 S.W.2d at 824 citing *State v. Terte,* 351 Mo. 1089, 176 S.W.2d 25, 30 (1943). "When a declaratory judgment claim improperly invokes § 527.010 because an adequate remedy already ex-

ists, that declaratory judgment claim fails to state a cause of action." *Id.* at 825, citing *Harris v. State Bank and Trust Company of Wellston,* 484 S.W.2d 177, 178–79 (Mo.1972).

In the present case, Small had an adequate alternative remedy available to him at the time he filed suit for declaratory judgment in the trial court. The alternative remedy was the pending federal action Small himself had filed. Granted, Small's pending remedy was not available within the same lawsuit, as was the situation with the affirmative defense assertion and counterclaim for declaratory judgment filed in *Preferred Physicians.* However, this case is analogous to *Preferred Physicians* in which a pending remedy was available to the party seeking a declaratory judgment. Merely because Small's pending remedy was available within a different court system does not change the result of this case. The fact remains that Small had a forum in which to present his argument that the "licensed activity" exception of § 572.010 did not apply to the casinos and therefore, Small had adequately plead a violation of Missouri law in his RICO claim. That forum was the Eighth Circuit Court of Appeals.

Small's attempts to distinguish his situation from the one involved in *Preferred Physician* are unpersuasive. He claims the alternative remedy available was not adequate in that it involved an entirely different court system, the federal courts, where results are uncertain as to issues of state law. Small contends, "federal practice is to vacate federal judgments based on determinations of state law later contradicted or cast into doubt by the appellate courts of that state." (Citations omitted). He continues, since the Eighth Circuit Court of Appeals would vacate the district court's judgment against Small if this court accepted the reasoning in his petition for declaratory judgment, the state courts should step in and decide the issues involved to prevent uncertainty. Small attempts to support this argument

with reliance on *Vandenbark v. Owens–Illinois Glass Co.,* 311 U.S. 538, 61 S.Ct. 347, 85 L.Ed. 327 (1941).

*Vandenbark* involved a diversity suit brought in the United States District Court for the Northern District of Ohio. That federal district court ruled against the plaintiff on a claim for recovery in tort, ruling that recovery was not permitted under the law of Ohio. The plaintiff appealed that ruling to a federal court of appeals. After plaintiff's appeal, but before the court of appeals ruled, the Supreme Court of Ohio reversed its former decisions and declared injuries such as those complained of by the plaintiff compensable under Ohio law. In determining the result of the change in Ohio law, the Supreme Court of the United States held that the federal court of appeals was bound to apply the law of Ohio as of the time they entered judgment, not as of the time the federal district court had made its ruling. Therefore, due to the intervening decision of the Ohio Supreme Court, the federal court of appeals was required to reverse the judgment of the federal district court.

Small seems to contend that because a federal court of appeals is required to apply state law as of the time it enters judgment, even if the state law was promulgated subsequent to the federal district court's decision, that this court should decide the issue of state law for the federal court. This is not the holding of *Vandenbark.* Simply because the Eighth Circuit Court of Appeals, in Small's federal suit, would be required to apply a determination by the trial court that the "licensed activity" exception of § 572.010 did not apply to the Casinos under Missouri law and could therefore possibly be subject to a RICO violation, there is no requirement that this court actually make that determination. *Vandenbark* only held that if such a situation did occur, and an intervening state court decision altered or interpreted that state's law, the federal court of appeals would be bound to apply that law. The leap cannot be made from a require-

ment that a federal court apply our interpretation of Missouri law to a requirement that this state court actually make such an interpretation. No authority cited by Small could require such a result.[3]

■ Under Missouri law, no action for declaratory judgment will lie where an adequate alternative remedy exists. By filing for declaratory judgment in the trial court, Small was attempting to force that court to decide the issue of his case presented to the federal court of appeals. *See above*. This the trial court need not do as Small already had a forum in which to present his argument. Small had available to him an adequate alternative remedy in the form of his pending federal action. His argument that the federal court system did not provide an adequate remedy is without merit. One of the purposes of the Declaratory Judgment Act is to reduce litigation. *Raskas*, 978 S.W.2d at 48. Allowing two suits with the same purpose would run contrary to the purpose of the Act. Therefore, the trial court correctly dismissed Small's claim for declaratory judgment filed in state court. This point is denied.

## II.

■ Small's second point is that the trial court erred in dismissing his petition for declaratory judgment, regardless of his federal suit, because he had taxpayer standing to seek such a judgment.[4] The trial court made no clear ruling upon Small's assertion of taxpayer standing. However, in its judgment, the court generally wrote:

> Throughout the two counts against the Gaming Companies in his First Amended Petition, Plaintiff Small makes clear that he is pursuing this action solely because of the effect it will have on the pending federal litigation in which a judgment has already been issued

against him on his federal RICO claim. This purpose is expressly stated on more than one occasion. If the purpose of this litigation were not clear enough from Plaintiff Small's petition, there can be no doubt of his motive from the statements made in his suggestions filed in opposition to the motions to dismiss. As examples, he stated, "Defendant Harrah's largely ignores Plaintiff's argument that he has standing as a private individual to seek the resolution of state law issues *in order to expedite his private treble damages claim, as well as supplemental state damages claim, in his federal RICO action,*" ...and "Third, to the extent Plaintiff seeks a declaratory judgment in this action *in order to resolve conclusively and expeditiously his federal RICO action* [.]"...Even if *Preferred Physicians Mutual* did not dictate that no declaratory judgment be entered here, the circumstances of this case do not impel this Court exercise its broad discretion in refusing to entertain the request for relief. Declaratory judgment actions are *sui generis* and it is within the trial court's broad discretion to determine whether a declaratory judgment action should be entertained. *Campbell 66 Express, Inc. v. Thermo King of Springfield, Inc.*, 563 S.W.2d 776, 778 (Mo.App.1978).

With this analysis, this court agrees. Under the facts of this case, this court cannot say the trial court abused its discretion in refusing to entertain Small's action for declaratory judgment on the basis of taxpayer standing. Point denied.

## III. and IV.

Small's third and fourth points relate to the merits of his declaratory judgment action. This court need not examine the merits of Small's claim after determining

---

**3.** In any event, pursuant to Rule 84.20, this court has been advised the Eighth Circuit has affirmed the district court's judgment.

**4.** The issues as to which Small seeks declaratory judgment in Point II were either not addressed by the federal district court or not presented to that court for declaration.

the trial court properly dismissed the request for declaratory judgment.

The trial court did not abuse its discretion in dismissing Small's petition for declaratory judgment as he had an adequate alternative remedy available in his federal suit. Affirmed.

All Concur.