STATE of Missouri ex rel. MISSOURI GAS ENERGY, et al. Laclede Gas Company, State of Missouri ex rel. Trigen–Kansas City Energy Corporation, Appellants,

v.

PUBLIC SERVICE COMMISSION
of the State of Missouri,
Respondent.

No. WD 58759.

Missouri Court of Appeals,
Western District.

May 22, 2001.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 3, 2001.

Application for Transfer Denied Aug. 21, 2001.

Gary W. Duffy, Jefferson City, for appellant Mo. Gas Energy and Laclede Gas Co.

Jeffrey Allen Keevil, Columbia, for appellant Trigen-Kansas City Energy Corp.

Lera L. Shemwell, Jefferson City, for respondent Mo. Public Service Com'n.

Terry C. Allen, Jefferson City, for Mo. Coalition for Fair Competion.

Before ULRICH, P.J., LOWENSTEIN, J. and HOLLIGER, J.

ULRICH, Judge.

Missouri Gas Energy, Laclede Gas Company, and Trigen–Kansas City Energy Corporation [hereinafter "Appellants"] appeal the judgment of the circuit court affirming the Missouri Public Service Commission's [hereinafter "Commission"] Order of Rulemaking. Appellants' appeal asserts two arguments contained in five points. They contend that the Commission erred in adopting the proposed rules in that the rules are unlawful because 1) the Commission lacked the requisite authority to adopt rules that impose requirements regarding heating, ventilation, and air conditioning services that are in addition to or inconsistent with the requirements set forth in the HVAC Services Act; and 2) the Commission failed to cite the proper authority for promulgating these rules in its Notice of Proposed Rulemaking.

## I. Facts

Appellant Trigen–Kansas City Energy Corporation is a steam distribution company operating as a retail distributor of steam in Jackson County, Missouri, subject to regulation by the Commission. Laclede Gas Company and Missouri Gas Energy are gas corporations and public utilities also subject to regulation by the Commission pursuant to Chapters 386 and 393 RSMo.

In 1998, the Missouri General Assembly enacted sections 386.754 through 386.764, entitled "Utility Companies–HVAC Services," or otherwise known as the "HVAC Services Act." "HVAC services" is defined in section 386.754(2) of the Act as "the warranty, sale, lease, rental, installation, construction, modernization, retrofit, maintenance or repair of heating, ventilating, and air conditioning equipment." § 386.754.1(2), RSMo Supp.1999. The Act prohibits a regulated utility company from

subsidizing non-regulated HVAC service operations, whether engaged in by the utility itself or through its affiliates or utility contractors, with any utility assets or employees, the cost of which are recoverable in the regulated rates for utility service, unless the utility is compensated for the use of such assets or employees to the extent that the rates charged to utility consumers remain as if the utility were not engaged in or assisting any affiliate or utility contractor in engaging in HVAC service operations. § 386.756, RSMo Supp. 1999. The act further vests the Commission with the full authority to administer and ensure compliance with sections 386.754 through 386.764. § 386.760.1, RSMo Supp.1999.

The Commission published Notices of Proposed Rulemaking concerning rules 4 CSR 240–40.017 (applicable to Gas Corporations) and 4 CSR 240–80.017 (applicable to Heating Corporations) [hereinafter "the rules"] in the *Missouri Register* on February 1, 1999. Following publication in the *Missouri Register,* the Commission received several comments concerning the proposed rules, some favorable and some in opposition to the proposed rules. The Commission held a public hearing on the rules on March 11, 1999. After the hearing, the Commission issued its Final Orders of Rulemaking and transmitted the final rules to the Secretary of State on May 25, 1999. The Final Orders of Rulemaking summarized and responded to the comments made by all parties, as well as made several changes to the proposed rule based on those comments.

Appellants filed Applications for Rehearing and Requests for Reconsideration with the Commission on June 23 and 24, 1999, asserting that the Rules are unlawful, unjust, unreasonable, arbitrary, and capricious. The Commission denied Appellants' Applications for Rehearing and Requests for Reconsideration on July 8, 1999.

Following the denial of their applications, Appellants individually petitioned the Circuit Court of Cole County for review. In their petition for review, Missouri Gas Energy and Laclede Gas Company alleged that the Commission exceeded its authority in promulgating the rules because the rules impose requirements that are in addition to or inconsistent with the HVAC Services Act. In addition to these grounds asserted by Missouri Gas Energy and Laclede Gas Company, Trigen–Kansas City Energy Corporation also asserted that the Commission's Orders of Rulemaking were unlawful because the proper legal authority was not set forth in the Notice of Proposed Rulemaking as required by section 536.021. The circuit court issued Writs of Review on August 6, 1999. After consolidating the cases, the circuit court affirmed the Commission's Orders of Rulemaking in a judgment issued on May 24, 2000. Appellants individually filed notices of appeal, and these appeals have been consolidated and are now before this court.

■ The trial court's Order and Judgment addressed the issues raised by Missouri Gas Energy and Laclede Gas Company, but failed to address Trigen–Kansas City Energy Corporation's assertion that the Commission failed to cite the proper legal authority in the Notice of Proposed Rulemaking as is required by section 536.021.

■ Although none of the parties raised the issue of finality before this court on appeal, the finality of a judgment is a prerequisite and it is the duty of this court sua sponte to determine jurisdiction. *Spauldin v. Spauldin,* 945 S.W.2d 665, 668 (Mo.App. W.D.1997). The right of appeal, which is statutory, is declared in section

386.540, which provides, in pertinent part, "any party ... who has participated in the commission proceeding which produced the order or decision may, after the entry of judgment in the circuit court in any action in review, prosecute an appeal to a court having appellate jurisdiction." § 386.540.1, RSMo 1994. This section further provides that "[t]he general laws relating to appeals to the [appellate courts] in this state shall ... apply to appeals taken under the provisions of this chapter." § 386.540.4, RSMo 1994. The statutes regarding Missouri appellate procedure make a final judgment a prerequisite to appellate review. § 512.020, RSMo 1994. A judgment that resolves fewer than all legal issues as to any claim for relief is not final. *Comm. For Educ. Equal. v. State,* 878 S.W.2d 446, 450 (Mo. banc 1994). If the judgment is not final, this court lacks jurisdiction, and the appeal must be dismissed. *Id.* at 454.

In this case, the trial court failed to address all the issues raised by the parties in their claims for relief. Because the trial court's judgment does not resolve Trigen–Kansas City Energy Corporation's claim that the Commission failed to cite the proper legal authority in the Notice of Proposed Rulemaking, no final judgment exists from which to appeal. Accordingly, because this court is without jurisdiction the case is dismissed.

LOWENSTEIN, J., and HOLLIGER, J., concur.