SHELTER MUTUAL INSURANCE COMPANY, Respondent,

v.

Chad A. VULGAMOTT, Appellant,

and

Hubert Borgelt, Jeane Borgelt, and Brent A. Perry, Defendants.

No. WD 61110.

Missouri Court of Appeals, Western District.

Jan. 21, 2003.

Andrew J. Gelbach, Warrensburg, MO, for appellant.

Scott L. Templeton, Kirksville, MO, for respondent.

Before JOSEPH M. ELLIS, Chief Judge, HAROLD L. LOWENSTEIN, Judge and VICTOR C. HOWARD, Judge.

JOSEPH M. ELLIS, Chief Judge.

On May 25, 1994, Appellant Chad Vulgamott was riding as a passenger in an automobile owned by his employers, Hubert and Jeane Borgelt d/b/a Nu Home Sales, and driven by his co-employee, Brent Perry. That vehicle was insured by a policy issued by Shelter Insurance to the Borgelts. While Appellant was riding in the vehicle, it was involved in a collision with a vehicle driven by Toni Detwiler.

On December 5, 1996, Appellant filed suit against Perry and Detwiler in the Circuit Court of Livingston County for injuries allegedly sustained in the May 25, 1994 accident.

On January 15, 1997, Leslie Clay, an in-house attorney with Shelter Insurance, sent Perry a letter, which stated:

Reference is made to a suit filed against you by Chad Vulgamott. We have hired the firm of Thomas, Burns, and Holliday ... to defend you.

* * *

I call your attention to the fact that you are being defended under a policy of insurance issued to Hubert Borgelt, your employer. Our investigation shows you were driving the insured vehicle while engaged in your employment with Mr. Borgelt at the time of the accident. Exclusion E excludes bodily injury to any employee of the insured arising out of and in the course of employment by the insured, and Exclusion F excludes bodily injury to any fellow employee of the insured injured in the course of his employment if such injury arises out of the use of an automobile in the business of his employer. These two exclusions would apply so as to preclude coverage. However, because the State of Missouri requires minimum liability limits of $25,000.00 per person and $50,000.00 per occurrence, and the law is questionable whether the exclusion would apply as to those amounts, we will supply you with $25,000.00 in coverage for the claim of Chad Vulgamott. We are defending you without any reservation of our rights as to that amount. We are doing this for this claim only. Any amount of coverage in excess of $25,000.00 do not apply to this claim.

Because you have only $25,000.00 in coverage from Shelter Insurance Companies on this particular claim, I bring your attention to the fact that the damages sought against you may exceed those policy limits. Should a judgment be rendered against you in excess of policy limits, you would be responsible for the excess. You have the right to hire your own attorney at your expense to defend you as to the excess if you wish.

On November 24, 1997, Shelter Insurance filed a petition for declaratory judgment in the Circuit Court of Livingston County against Perry, Appellant, and Hubert and Jeane Borgelt.[1] Shelter Insurance sought a declaration that its policy did not cover Perry's operation of the vehicle on May 25, 1994, based upon the exclusions in its policy precluding coverage for employees of the Borgelts.

On December 23, 1997, Appellant filed a motion to dismiss Shelter's petition. Appellant contended that declaratory relief was inappropriate because there was no legally justiciable and ripe controversy. Appellant also argued that Shelter had other adequate remedies available because it could attempt to raise policy exclusions in a garnishment action or direct action against it following a judgment in Appellant's civil case. On July 6, 1998, Appellant's motion was denied by the trial court.

On February 10, 1999, Shelter filed a Motion for Summary Judgment asking the trial court to find that its policy provided no coverage for Perry's operation of the truck based upon the fellow employee and co-employee exclusions and that it had not waived its right to rely upon those exclusions and was not estopped from relying upon those exclusions beyond $25,000.00.

On March 11, 1999, Appellant filed his Answer to Plaintiff's Petition for Declaratory Judgment. That same day, Appellant also filed his "Preliminary Response to

1. Shelter also included Commercial Union Insurance Company, the workers' compensation carrier for the Borgelts, as a party defendant, however, the court subsequently granted Commercial Union's motion to dismiss it as a party due to a lack of actual controversy between Shelter and Commercial Union.

Plaintiff, Shelter Insurance Company's, Motion for Summary Judgment."

After hearing argument and taking Shelter's motion under advisement, on August 10, 1999, the trial court entered its order of partial summary judgment. The trial court found that the exclusions relied upon by Shelter were unambiguous and precluded coverage for injuries sustained by Perry and Appellant as employees of Hubert and Jeane Borgelt d/b/a Nu–Home Sales. The trial court further found that Shelter "has not waived and is not estopped from raising the policy exclusions beyond $25,000.00 for liability coverage on a per person basis." The trial court therefore declared that Shelter's policy did not provide coverage for the accident occurring on May 25, 1994, beyond the sum of $25,000.00 per person liability coverage. The trial court did not determine whether Shelter had any obligation to provide coverage up to $25,000.00.

On August 16, 1999, Appellant filed his notice of appeal from the summary judgment order. On January 14, 2000, this Court dismissed the appeal based upon the fact that it was not taken from a final and appealable judgment.

On September 17, 2001, Shelter filed a motion to dismiss without prejudice all remaining claims not resolved by the trial court's partial summary judgment. On February 25, 2002, the trial court entered its judgment dismissing without prejudice all claims left unresolved by the August 10, 1999 summary judgment order. Appellant appeals from that judgment.

■ We first address Appellant's fourth claim, as it involves issues related to subject matter jurisdiction. In that point, Appellant claims that the trial court erred in failing to grant his motion to dismiss Shelter's declaratory judgment action because Shelter's petition failed to state a claim for which declaratory relief could be granted. Appellant contends that its motion should have been granted because the petition failed to establish that there was an actual controversy between the parties. Appellant further argues that Shelter had an adequate remedy available in that it would be able to raise any policy exclusion defenses in any garnishment action filed by Appellant after obtaining a judgment against Mr. Perry in the underlying tort action.

■ "Under § 527.010 of the Declaratory Judgment Act, circuit courts have the 'power to declare rights, status, and other legal relations whether or not further relief is or could be claimed.'" *People ex rel. Small v. Harrah's N. Kansas City Corp.,* 24 S.W.3d 60, 64 (Mo.App. W.D. 2000). In order to maintain a declaratory judgment action, a petitioner must establish the following: (1) that "a justiciable controversy exists which presents a real, substantial, presently-existing controversy as to which specific relief is sought;" (2) that the petitioner has "a legally protected interest consisting of a pecuniary or personal interest directly at issue and subject to immediate or prospective consequential relief;" (3) that the question presented is ripe for adjudication; and (4) that he or she does not have another adequate available remedy. *Northgate Apartments, L.P. v. City of North Kansas City,* 45 S.W.3d 475, 479 (Mo.App. W.D.2001). "The trial court has a considerable measure of discretion in determining whether or not a declaratory judgment action should be entertained." *Millers Mut. Ins. Ass'n v. Babbitt,* 790 S.W.2d 944, 946 (Mo.App. W.D.1990).

■ In determining whether to grant a motion to dismiss for failure to state a claim upon which relief may be granted, the trial court does not address the merits of claim and merely determines whether,

under the averments of the petition, the party seeking relief is entitled to a declaration of rights at all. *Wright v. Department of Corr.*, 48 S.W.3d 662, 666 (Mo. App. W.D.2001). On appeal from the trial court's decision, "[w]e review the allegations set forth in the petition to determine whether principles of substantive law are invoked, which, if proved, would entitle [the] petitioner to declaratory relief." *Wheeler v. Sweezer*, 65 S.W.3d 565, 568 (Mo.App. W.D.2002). " 'If under the facts pleaded a plaintiff is entitled to declaration of rights at all, the petition is sufficient for that purpose even though it advances a mistaken contention of law.' " *Sandy v. Schriro*, 39 S.W.3d 853, 856 (Mo.App. W.D. 2001) (quoting *City of Hannibal v. Marion County*, 745 S.W.2d 842, 845 (Mo.App. E.D.1988)).

We first address Appellant's claim that Shelter Mutual's petition failed to sufficiently plead a justiciable controversy. If a petition for declaratory relief contains facts supporting its allegations and those facts demonstrate a justiciable controversy, the petition is sufficient and cannot be dismissed for failure to state a claim. *Wheeler*, 65 S.W.3d at 568. " 'A ripe controversy exists if the parties' dispute is developed sufficiently to allow the court to make an accurate determination of the facts, to resolve a conflict that is presently existing, and to grant specific relief of a conclusive character.' " *Home Builders Ass'n of Greater St. Louis, Inc. v. City of Wildwood*, 32 S.W.3d 612, 615 (Mo.App. E.D.2000) (quoting *Missouri Health Care Ass'n v. Attorney General*, 953 S.W.2d 617, 621 (Mo. banc 1997)).

In this case, Shelter Mutual sought a declaration of its contractual rights and duties under its policy with the Borgelts. Section 527.020[2] provides that "[a]ny per-

son interested under a ... written contract ... or whose rights, status or other legal relations are affected by a ... contract ... may have determined any question of construction or validity arising under the ... contract ... and obtain a declaration of rights, status or other legal relations thereunder." *See also Rule 87.02(a)*; *Citizens Ins. Co. of America v. Leiendecker*, 962 S.W.2d 446, 449 (Mo.App. E.D.1998); *Harness v. State Farm Mut. Auto. Ins. Co.*, 867 S.W.2d 591, 592 (Mo. App. E.D.1993). Rule 87.03 states that a contract may be construed in a declaratory judgment action either before or after there has been any breach of that contract.

In its petition, Shelter Mutual named the Borgelts, Mr. Perry, and Appellant as defendants in the action. Shelter Mutual's petition specifically avers that a justiciable controversy existed between Shelter Mutual and the defendants over whether Brent Perry was an insured under the policy of insurance that it had issued to the Borgelts with regard to the May 25, 1994 automobile accident involving Appellant based upon specific exclusions contained in the policy. In its petition, Shelter Mutual asked the court for a declaration that its policy did not provide coverage for Mr. Perry related to the accident involving Mr. Vulgamott and that it was not obligated to defend Mr. Perry in the civil suit filed against him by Mr. Vulgamott. The petition further avers that, prior to the filing of the declaratory judgment action, both Mr. Perry and Appellant had asserted that Mr. Perry was an insured under the Borgelt's policy and had claimed that the policy provided coverage for any judgment Appellant obtained against Mr. Perry.

In sum, Shelter Mutual pleaded a contract, its interest therein, a dispute over the effect of its provisions, and prayed for a declaration of the parties' rights thereun-

**2.** All statutory references are to RSMo (2000) unless otherwise noted.

der. The pleadings thereby set forth facts establishing a justiciable controversy ripe for adjudication and stated a cause of action for declaratory relief.[3] *Raskas Foods, Inc. v. Southwest Whey, Inc.*, 978 S.W.2d 46, 48–49 (Mo.App. E.D.1998).

■ Appellant also argues that there can be no justiciable controversy until he has obtained a judgment against Mr. Perry and Shelter Mutual refuses to pay. He contends that any declaration prior to that point would merely be an advisory opinion based upon hypothetical facts. In essence, Appellant argues that an action to interpret the provisions of an insurance contract is not ripe for adjudication until after there has been a breach.

■ However, as noted *supra*, a declaratory judgment action seeking the interpretation of a contract may properly be brought either before or after there has been a breach of the contract. *Rule 87.03.* " '[A]n injury need not have occurred prior to bringing a declaratory action; one of the main purposes of the remedy is to resolve conflicts in legal rights before a loss occurs.' " *Northgate Apartments, L.P.*, 45 S.W.3d at 480 (quoting *Ferguson Police Officers Ass'n v. City of Ferguson*, 670 S.W.2d 921, 925 (Mo.App. E.D.1984)). "The Declaratory Judgment act has the purpose of affording relief from uncertainty and insecurity, and of reducing the multiplicity of litigation." *Raskas Foods, Inc.*, 978 S.W.2d at 48. Allowing the parties to a contract to have the provisions of the contract construed prior to a breach is consistent with those purposes.

■ We next turn to Appellant's claim that Shelter Mutual's claim should have been dismissed because another adequate remedy was available. "Under Mis-

souri law, no action for declaratory judgment will lie where an adequate alternative remedy exists." *People ex rel. Small*, 24 S.W.3d at 66. " 'When a declaratory judgment claim improperly invokes § 527.010 because an adequate remedy already exists, that declaratory judgment claim fails to state a cause of action.' " *Id.* at 64–65 (quoting *Preferred Physicians Mut. Mgmt. Group, Inc. v. Preferred Physicians Mut. Risk Retention Group*, 916 S.W.2d 821, 825 (Mo.App. W.D.1995)).

■ Appellant argues that Shelter Mutual had an adequate remedy available because in the future it would be able to raise any policy exclusion defenses in any garnishment action filed by him after obtaining a judgment against Mr. Perry. Indeed, an adequate remedy exists if the party requesting declaratory relief could assert the issues sought to be declared as a defense in a pending or imminent action brought by the defendant. *Preferred Physicians Mut. Mgmt. Group, Inc.*, 916 S.W.2d at 824; *See also Cronin v. State Farm Fire & Cas. Co.*, 958 S.W.2d 583, 588 (Mo.App. W.D.1997). However, in this instance, no garnishment action by Appellant was pending or imminent when the petition was filed, nor was such an action pending or imminent when the trial court's partial summary judgment was entered or when Shelter Mutual sought to voluntarily dismiss the remaining issues in the case.

Furthermore, Shelter Mutual's petition requested a determination as to whether it was obligated to provide Mr. Perry with a defense in the underlying tort action filed by Appellant. A garnishment action filed by Appellant would not be the proper place to litigate issues related to whether Shelter Mutual owed Mr. Perry a defense in the underlying tort action under the terms of the policy. In addition, determin-

3. Furthermore, it is readily apparent from Appellant's own pleadings that he wholeheartedly disputed Shelter Mutual's interpretation of its policy to preclude coverage for the accident.

ing issues of coverage prior to trial in the underlying tort action could serve the useful purpose of spurring settlement negotiations in that action.

As Shelter Mutual had no adequate remedy available to redress its present controversy with the defendants, the trial court properly found that it could entertain Shelter Mutual's action for declaratory relief. *Northgate Apartments, L.P.*, 45 S.W.3d at 481. Point denied.

■ We next turn to Appellant's third point, which raises issues dispositive of this appeal. In that point, Appellant contends that the trial court lacked jurisdiction to dismiss Shelter's remaining claims and leave the summary judgment intact. Appellant contends that Shelter's filing of a dismissal pleading related to its one count claim, regardless of the fact that the pleading purported only to dismiss those claims and issues left unresolved by the previously entered partial summary judgment, served to dismiss the entire action, rendered all prior actions in the case a nullity, and left the court powerless to take further action in the case.

■ Rule 67.02(a) [4] provides that "a civil action may be dismissed by the plaintiff without order of the court anytime prior to the introduction of evidence at the trial." Appellant is correct that a plaintiff's voluntary dismissal of his or her cause under Rule 67.02(a) is effective as of the date it is filed, and "after a case is dismissed, the trial court may take no further action and any step attempted is

viewed as a nullity." *Freeman v. Leader Nat'l Ins. Co.*, 58 S.W.3d 590, 595 (Mo. App. E.D.2001). "In other words, the trial court loses jurisdiction as of the date of dismissal." *Id.* " 'Once a plaintiff voluntarily dismisses a claim prior to the introduction of evidence, it is as if the suit were never brought.' " *In re Estate of Klaas*, 8 S.W.3d 906, 909 (Mo.App. S.D.2000) (quoting *Curators of Univ. of Mo. v. St. Charles County*, 985 S.W.2d 810, 814 (Mo.App. E.D.1998)).

■ The problem with Appellant's reliance upon the legal effect of these principles is that Shelter's motion to dismiss was itself improper and did not serve to dismiss the cause. Shelter's motion sought to dismiss without prejudice a portion of the sole count contained in its petition and leave intact the partial summary judgment previously entered by the court.[5] A partial summary judgment is "merely an interlocutory judgment which could be added to, amended, or set aside by the court at any time prior to final judgment." *Norwine v. Norwine*, 75 S.W.3d 340, 344 (Mo. App. S.D.2002). Through its motion, Shelter sought to transform the trial court's partial summary judgment into a final and appealable judgment and allow it to litigate the remaining aspects of its cause of action at a later date. Such a maneuver is not allowed under our rules of procedure.

Rule 67.02(a) grants a plaintiff the authority to dismiss a "civil action" against a party or parties without order of the court anytime prior to the introduction of evidence at trial. Rule 67.02(c) provides that

---

4. Rule 67.02 was completely revised and amended on August 21, 2001, effective July 1, 2002. Throughout this opinion, we are dealing with Rule 67.02 as it existed prior to July 1, 2002.

5. *In its dismissal pleading, Shelter stated:*
The Court granted summary judgment on July 16, 1999. Shelter hereby dismisses without prejudice all remaining claims and portions of its petition for declaratory judgment. This dismissal does not encompass either the issues resolved by the summary judgment already entered or the relief granted to Shelter in that summary judgment but instead only dismisses any and all remaining portions of Shelter's petition so that the summary judgment is now a final judgment.

a voluntary dismissal of a civil action under Rule 67.02(a) shall be without prejudice unless otherwise specified by the plaintiff. "A dismissal without prejudice permits the party to bring another civil action for the same cause, unless the civil action is otherwise barred." *Rule 67.01*.

By its express terms, Rule 67.02 contemplates dismissal of an entire claim for relief without prejudice, not merely part of a single claim for relief. This requirement is consistent with the well-established rule that "[a] cause of action which is single may not be split by a plaintiff and filed or tried piecemeal."[6] *Collins v. Burg*, 996 S.W.2d 512, 515 (Mo. App. E.D.1999). "The rule against splitting a cause of action would have little meaning if it could be avoided by first filing and then dismissing claims that should be part of a single suit." *Felling v. Giles*, 47 S.W.3d 390, 394–95 (Mo.App. E.D.2001).

Thus, the doctrine of *res judicata* precludes the possibility that a claim for relief could be partially dismissed "without prejudice" as to those issues subject to the dismissal. "*Res judicata*, or its modern term, claim preclusion, prohibits 'splitting' a claim or cause of action."

*Chesterfield Village, Inc. v. City of Chesterfield*, 64 S.W.3d 315, 318 (Mo. banc 2002). "The doctrine of res judicata ... precludes not only those issues on which the court in the former case was required to pronounce judgment, 'but to every point properly belonging to the subject matter of litigation and which the parties, exercising reasonable diligence, might have brought forward at the time.'"[7] *Id.*

Finally, we note that a partial summary judgment that does not dispose of an entire claim for relief could not be turned into a final, appealable judgment by the dismissal of the remaining issues without prejudice. "The statutes regarding Missouri appellate procedure make a final judgment a prerequisite to appellate review." *State ex rel. Mo. Gas Energy v. Public Serv. Comm'n*, 50 S.W.3d 801, 804 (Mo.App. W.D.2001). " '[A] judgment is final only when it disposes of a distinct judicial unit.' " *Fischer v. City of Washington*, 55 S.W.3d 372, 378 (Mo.App. E.D. 2001) (quoting *Gibson v. Brewer*, 952 S.W.2d 239, 244 (Mo. banc 1997)). " 'The required "judicial unit for an appeal" has a settled meaning: the final judgment on a claim, and not a ruling on some of several issues arising out of the same transaction

6. The rule against splitting a cause of action serves many purposes:

There are sound policy reasons for prohibiting a party from splitting a cause of action. "The rule against the splitting of a cause of action serves to prevent a multiplicity of suits and appeals with respect to a single cause of action, and is designed to protect defendants against fragmented litigation, which is vexatious and costly. The rule also implements a public and judicial policy applied by federal and state courts to foster the efficient and economic administration of the judicial system, by forestalling and undue clogging of court dockets."
*Hutnick v. Beil*, 84 S.W.3d 463, 466 (Mo.App. E.D.2002) (quoting 1A C.J.S. Actions § 177 (1985)). Another "reason for the rule against splitting is to avoid piecemeal appeals." *Fell-*

*ing v. Giles*, 47 S.W.3d 390, 395 (Mo.App. E.D.2001); *See also McReynolds v. Mindrup*, 32 S.W.3d 163, 166 (Mo.App. W.D.2000).

7. "A claim is '[t]he aggregate of operative facts giving rise to a right enforceable by a court.' The definition of a cause of action is nearly the same: 'a group of operative facts giving rise to one or more bases for suing.' Whether referring to the traditional phrase 'cause of action' or the modern terms 'claims' and 'claim for relief' used in pleading rules ..., the definition centers on 'facts' that form or could form the basis of the previous adjudication." *Chesterfield Village, Inc. v. City of Chesterfield*, 64 S.W.3d 315, 318 (Mo. banc 2002). "To determine whether a claim is barred by a former judgment, the question is whether the claim arises out of the same 'act, contract or transaction.' " *Id.* at 318–19.

or occurrence which does not dispose of the claim.'" *Id.* (quoting *Gibson,* 952 S.W.2d at 244). "A judgment that resolves fewer than all legal issues as to any claim for relief is not final." *State ex rel. Mo. Gas Energy,* 50 S.W.3d at 804. "[A] judgment must dispose of a claim, and if it disposes of fewer than all of the issues and remedies as to a single claim, it is not an appealable judgment." *Sunbelt Envtl. Servs., Inc. v. Nielsen,* 75 S.W.3d 889, 892 (Mo.App. S.D.2002).[8]

In sum, Rule 67.02 simply does not allow a plaintiff to dismiss select portions of a claim for relief as to an individual defendant without prejudice and thereby convert a previously entered partial summary judgment into a final judgment and allow the remaining issues to be litigated at a later date.[9] Moreover, no useful purpose would be served by allowing a plaintiff to manufacture finality in this manner.

For all of the foregoing reasons, we hold that Shelter Mutual's attempt to transform the previously entered partial summary judgment into a final and appealable judgment by purportedly dismissing without prejudice any issues left unresolved by that partial summary judgment is not authorized under our rules of civil procedure.

Accordingly, Shelter's attempted dismissal was invalid and of no legal effect, and the trial court's entry of judgment based upon that pleading was likewise improper.

Still lacking a final and appealable judgment in this matter, we must dismiss the appeal and remand the cause to the trial court for further proceedings.

All concur.

---

8. To hold otherwise would allow a plaintiff to accomplish what the trial court cannot. "Rule 74.01(b) ... permits the trial court to designate as final a judgment which disposes of one or more claims but fewer than all claims." *Beckmann v. Miceli Homes, Inc.,* 45 S.W.3d 533, 538 (Mo.App. E.D.2001). "'Assuming that there is at least one claim fully resolved as to at least one party,' then Rule 74.01(b) grants circuit courts the discretion to declare 'that aspect' of its order, action or decree final for purposes of appeal, provided that the court expressly finds 'there is no just reason for delay.'" *Id.* (quoting *Committee for Educ. Equality v. State,* 878 S.W.2d 446, 453 (Mo. banc 1994)) (emphasis added). "'[A] judgment that disposes of only one of several remedies and leaves other remedies relating to the same legal rights open for future adjudication is not a final judgment

under Rule 74.01(b).'" *Bush Constr. Mach., Inc. v. Kansas City Factory Outlets, L.L.C.,* 37 S.W.3d 852, 854 (Mo.App. W.D.2001) (quoting *Asbury v. Crawford Elec. Co-op., Inc.,* 9 S.W.3d 774, 777 (Mo.App. S.D.2000)).

A reviewing court must "determine whether the order or ruling appealed from is one that finally disposes of at least one claim on the merits, as opposed to a ruling on fewer than all issues which does not finally dispose of the claim." *Beckmann,* 45 S.W.3d at 538. If it does not, there is no final judgment for purposes of appeal. *Id.*

9. To the extent a party wishes to revise its cause of action, that may ordinarily be readily accomplished through the filing of an amended petition.