AMERICAN FAMILY MUTUAL
INSURANCE COMPANY,
Plaintiff/Appellant,

v.

Lora NIGL, Nicholas Nigl, a minor, Eric W. Hale, and Ann Wichman and Charles Wichman, James D. Helm, Missouri Department of Social Services Division of Medical Services, Mineral Area Hospital Medical Center, Cardinal Glennon Children's Hospital, Derek Payne and United Health Systems, Defendants/Respondents.

No. ED 82769.

Missouri Court of Appeals,
Eastern District,
Southern Division.

Dec. 23, 2003.

Randall D. Sherman, Wegmann, Gasaway, Stewart, Dieffenbach, Tesreau & Sherman, Hillsboro, for appellant.

Mark Evans Turley, Smith Turley Long, Rolla, Attorney for Lora Nigl and Nicholas Nigl.

David L. Mayhugh, Mayhugh & Harris, Park Hills, Attorney for Eric W. Hale.

Donald Edward Gillihan, Gillihan & Reeves, Farmington, Attorney for Ann Wichman and Charles Wichman.

James D. Helm, Farmington, pro se.

Bradley Scott Hinkle, Dexter, Attorney for Missouri Department of Social Services, Div. of Medical Services.

Michael Wayne Silvey, Fredericktown, Attorney for Mineral Area Hospital Medical Center.

Jay B. Umansky, Kramer & Frank, St. Louis, Attorney for Cardinal Glennon Children's Hospital.

Derek Payne, Farmington, pro se.

Nicholas Glen Higgins, Ballwin, Attorney for Unity Health Systems.

MARY K. HOFF, Judge.

American Family Mutual Insurance Company (American Family) appeals from the judgment of the trial court denying its request to interplead the proceeds of a motor vehicle liability insurance policy into the court registry, and declaring that the policy provided for the payment of prejudgment interest under the specific facts of this case.

The record on appeal reveals that American Family filed its Petition for Interpleader and Declaratory Judgment on July 13, 2001. In addition to the Nigls, the petition listed as defendants Eric Hale (Hale), Ann Wichman, Charles Wichman, James D. Helm, the Missouri Department of Social Services (State of Missouri), Mineral Area Hospital Medical Center, Cardinal Glennon Children's Hospital, Derek Payne, and Unity Health Systems. Among other things, American Family requested the trial court to (1) declare that a justiciable controversy existed as to the liability coverage proceeds of a motor vehicle policy American Family issued to Andrew L. Payne, Jr., in that conflicting claims to the proceeds existed; (2) require American Family to pay into the court registry the $100,000 in proceeds; (3) require the parties with conflicting claims to interplead to determine who was entitled to receive payment; (4) declare American Family discharged and relieved of liability to all the parties; and (5) upon payment of the limits of American Family's liability on behalf of Derek Payne into the court, declare American Family relieved of any further duty to indemnify or defend Derek Payne with regard to claims arising out of a May 16, 1998 collision.

The State of Missouri counterclaimed, requesting the trial court to determine the

respective parties' interests in any funds paid into the court registry. The Nigls also counterclaimed, asking the trial court to declare that the "additional payments" clause of the motor vehicle liability policy would cover any prejudgment interest awarded to the Nigls in their suit against Derek Payne.

By agreement of the parties, the case was submitted to the trial court on a Stipulation of Facts, which stated, in pertinent part, that:

American Family issued to Andrew L. Payne, Jr., a motor vehicle liability insurance policy for a 1989 Dodge Dakota automobile (Dakota). The policy provided bodily injury liability coverage with limits of $50,000 per person and $100,000 per occurrence.

On May 16, 1998, while being operated by Derek Payne, the Dakota collided with a vehicle being operated by Charles Wichman in St. Francois County, Missouri. The above-mentioned policy was in full force and effect when the collision occurred, and at the time of the collision, Derek Payne was also an insured under the issued policy.

All the named defendants either asserted claims with American Family under the policy against Derek Payne for personal injuries sustained in the May 16 collision, or asserted liens for medical expenses incurred by individual defendants. The value of the claims of all defendants exceeded the $100,000 per occurrence bodily liability coverage limit of the policy.

The parties met at an attorney's office in Farmington, Missouri, on September 9, 1999. At that meeting, a claims representative for American Family indicated that American Family "would pay the sum of One Hundred Thousand Dollars ($100,000) to all parties upon all parties reaching an agreement with respect to the apportionment of those proceeds and in exchange for the release by all parties of claims against defendant Derek Payne." The parties were unable to reach such an agreement.

On June 19, 2000, defendants Lora Nigl individually and Lora Nigl as Next Friend on behalf of Nicholas Nigl, a minor, (hereinafter collectively referred to as the Nigls) filed an action in the Circuit Court of the 24th Judicial Circuit of Missouri against Derek Payne.

On October 20, 2000, in compliance with Section 408.040 RSMo 2000 [1], the Nigls made settlement offers concerning their claims against Derek Payne to Derek Payne's representative. The offers were not accepted or rejected by or on behalf of Derek Payne within sixty days.

In compliance with Missouri Supreme Court Rule 77.04, Derek Payne made an Offer of Judgment in the sum of $50,000 in favor of Nicholas Nigl on March 29, 2001. The offer was not accepted on behalf of Nicholas Nigl.

Derek Payne filed a petition for bankruptcy under Chapter VII of the United States Bankruptcy Code on August 27, 2001, and subsequently obtained an order of discharge on December 11, 2001.

After the parties submitted briefs in lieu of argument, the trial court issued its judgment on February 27, 2003. The trial court denied American Family's interpleader claim, declaring that American Family could not pay the $100,000 policy proceeds into the court registry, and that the named defendants were not required to answer American Family's interpleader claim nor to interplead with each other to determine who was entitled to receive payment of the policy proceeds. The trial

---

1. All subsequent statutory references are to RSMo 2000 unless otherwise stated.

court also declared that American Family had an affirmative duty to indemnify and defend Derek Payne with regard to any claim against him arising out of the May 16 collision, including but not limited to the claims of all the named defendants, and in particular those of the Nigls. The trial court denied the State of Missouri's counterclaim as moot based on the trial court's denial of American Family's interpleader claim. The trial court further declared that the additional payments clause of the motor vehicle policy would cover any prejudgment interest awarded to the Nigls in their underlying suit against Derek Payne.

American Family timely appealed. In its points on appeal, American Family claims the trial court erred: (1) in denying its petition to deposit the per occurrence proceeds of the automobile liability insurance policy into the court registry because interpleader was the proper remedy in that numerous claims existed against Derek Payne; the parties stipulated that the value of all claims against Derek Payne exceed the per occurrence policy limits; American Family was faced with the possibility of multiple judgments against Derek Payne; and Derek Payne was discharged from personal liability for the claims by virtue of his bankruptcy relief; and (2) in declaring that the additional payments clause in the automobile liability policy covered prejudgment interest which might be awarded to the Nigls because there was no substantial evidence to support the judgment, and the judgment misapplied the law.

Only American Family and the Nigls have filed briefs with this court. On October 14, 2003, Eric Hale filed with this Court a motion for dismissal as to him, stating that his claim had been satisfied by payment of a judgment by American Family in the amount of $48,500. Thereafter, on October 24, American Family filed a Suggestion of Mootness as to its first point on appeal, stating that subsequent to the trial court's judgment in the instant case, Eric Hale, Charles Wichman, and Ann Wichman pursued claims against Derek Payne that had been reduced to judgment. American Family further stated that these judgments had been satisfied and that the sum total of all the judgments equaled the $100,000 per occurrence policy limit applicable to the May 16 collision. The Nigls subsequently filed with this court a motion to dismiss American Family's first point as moot in light of American Family's payments to Eric Hale, Charles Wichman, and Ann Wichman. The Nigls filed a Supplemental Record on Appeal, which shows that Eric Hale's judgment against Derek Payne for $48,500 and the Wichmans' judgment against Derek Payne for $51,500 have been satisfied. Thus, both American Family and the Nigls concede that the interpleader issue is moot, given that the $100,000 policy proceeds have been expended, and thus no funds are available to interplead to the registry of the court. "Any opinion on a hypothetical is advisory and we are barred from issuing advisory opinions." *Block v. Gallagher*, 71 S.W.3d 682, 685 (Mo.App. E.D.2002). Hale's motion to dismiss is hereby granted. The Nigls' motion to dismiss also is granted as American Family's first point is moot.[2]

2. In the argument portion of its first point, American Family contends that in the event we determine the trial court erred in denying its interpleader claim, we should also reverse the trial court's determination that American Family had an affirmative duty to indemnify and defend Derek Payne. American Family claims that, under the language of the policy, it should be released and discharged from this obligation upon payment of the policy limits. This issue was not presented in American Family's points relied on. We are obliged to determine only those questions raised in the points relied on. Issues raised only in the

We turn to American Family's remaining point on appeal. American Family argues the trial court erred by declaring that the additional payments clause in the motor vehicle liability insurance policy covered prejudgment interest that could be awarded to the Nigls pursuant to Section 408.040.2 because: 1) the clause does not provide for the payment of prejudgment interest; 2) the determination that prejudgment interest should be awarded is premature as the Nigls' claim has not been reduced to judgment; 3) Derek Payne's discharge of personal liability exceeding his insurance coverage precludes the entry of any judgment greater than the Nigls' prejudgment interest settlement demand; or 4) under the language of the clause, American Family's obligation to pay terminated when American Family offered its per occurrence policy limits to all claimants against Derek Payne, more than one year prior to the Nigls' prejudgment interest settlement demand. The Nigls, however, argue the trial court's determination that prejudgment interest is covered under the additional payments clause is authorized by Section 527.020 and is not premature.

In a court-tried case, we will affirm the trial court's judgment unless the judgment is not supported by substantial evidence, is against the weight of the evidence, or misstates or misapplies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

The parties submitted to the trial court, in conjunction with their Stipulation of Facts, a copy of the motor vehicle policy. The additional payments clause of that policy provides, as pertinent:

> We will pay, in addition to our limit of liability:

1. All costs we incur in the settlement of any claim or defense of any suit.

2. Interest on damages awarded in any suit we defend as a result of a judgment until we have paid, offered to pay, or deposited in court that portion of the judgment which is not more than our limit of liability.

The Nigls are correct that a declaratory judgment action seeking the interpretation of an insurance policy, and the determination of liabilities arising under it, is properly brought under the Declaratory Judgment Act, Section 527.020 RSMo. *Shelter Mut. Ins. Co. v. Vulgamott*, 96 S.W.3d 96, 101–02 (Mo.App. W.D.2003). In determining whether or not a declaratory judgment should be entertained, the trial court is afforded considerable discretion. *Id.* at 101. The Nigls cite *Shelter Mut. Ins. Co.* in support of their argument that the trial court properly declared the additional payment clause would cover any prejudgment interest awarded to the Nigls in their underlying action against Derek Payne. In *Shelter Mut. Ins. Co.*, the insurance company filed a petition for declaratory relief, seeking a declaration of its contractual rights and duties under a policy, specifically whether the driver was an insured under his employer's insurance policy. *Id.* at 101–03. The trial court found that the exclusion relied upon by the insurance company was unambiguous and precluded coverage for injuries sustained by the driver and his passenger, Vulgamott. Vulgamott claimed that the trial court erred in failing to grant his motion to dismiss, arguing that the insurance company's petition failed to plead a justiciable controversy because Vulgamott had not yet obtained a judgment against the driv-

argument portion of the brief are not preserved for review. *Russ v. Russ*, 39 S.W.3d

895, 899 n. 5 (Mo.App. E.D.2001).

er. *Id.* at 103. Vulgamott contended that a declaration prior to his obtaining judgment and the insurance company's refusing to pay constituted an advisory opinion based upon hypothetical facts. *Id.* The Western District determined Vulgamott essentially was arguing that an action to interpret the provisions of an insurance contract was not ripe for adjudication until after a breach had occurred. *Id.* The court concluded, however, that allowing parties to a contract to have the contract's provisions construed prior to a breach was consistent with the Declaratory Judgment Act's purpose of affording relief from uncertainty and insecurity and of reducing the multiplicity of litigation. *Id.*

■ The instant situation, however, is distinguishable from that presented in *Shelter Mut. Ins. Co.* in that the Nigls are not parties to the insurance contract and have not yet acquired rights under the policy provisions. Unless they recover a judgment or secure a settlement, they may never acquire such rights. *Cotton v. Iowa Mut. Liab. Ins. Co.,* 363 Mo. 400, 251 S.W.2d 246, 249 (1952). Parties wishing to invoke the Declaratory Judgment Act must have a legally protectable interest at stake, and the question presented must be appropriate and ready for judicial decision. *Id.*

Section 408.040.2 allows prejudgment interest in a tort action when a claimant has made a demand for payment and the amount of the judgment exceeds the claimant's demand for payment. Given that the Nigls have not yet recovered a judgment or secured a settlement against Derek Payne, the question of whether the additional payments clause of the motor vehicle policy would cover any prejudgment interest awarded to the Nigls in their underlying suit is not ready for judicial decision. *See Farm Bureau Town & Country Ins. Co. of Mo. v. Angoff,* 909 S.W.2d 348, 352

(Mo. banc 1995) (declaratory judgment is not available to adjudicate hypothetical or speculative situations which may never come to pass); *McHaffie by & Through Wieland v. Bunch,* 951 S.W.2d 340, 342 (Mo.App. S.D.1997) (party has no claim for prejudgment interest absent a favorable judgment).

Furthermore, we conclude the pendency of the Nigls' tort action against Derek Payne involving the same set of circumstances renders the trial court's judgment regarding the prejudgment interest advisory in nature. This is so because the same question may be raised and determined in the underlying tort action. *See People ex rel. Small v. Harrah's N. Kansas City Corp.,* 24 S.W.3d 60, 64–66 (request for declaratory relief is inappropriate where an adequate alternative remedy already exists; where alternative remedy is a pending suit, there is even greater justification to apply the rule against allowing declaratory judgment actions). Accordingly, the trial court abused its discretion by declaring that the additional payments clause in the motor vehicle liability policy covered prejudgment interest which might be awarded to the Nigls. *See Farm Bureau Town & Country Ins. Co. of Mo.,* 909 S.W.2d at 353 (declaratory judgment actions should not be resorted to for the purpose of giving advisory opinions). Given our determination that the trial court's declaration was premature, we need not address American Family's remaining contentions.

The judgment of the trial court declaring that the additional payments clause in the motor vehicle liability policy covered prejudgment interest which might · be awarded to the Nigls is reversed. We express no opinion whether the additional payments clause will cover any prejudg-

ment interest which may be awarded to the Nigls.

GEORGE W. DRAPER III, P.J. and ROBERT G. DOWD, JR., J., concur.